UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

    -against-                             MEMORANDUM & ORDER
                                            11-CV-1867(JS)
KENNETH R. JORDAN,

                Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Michael T. Sucher, Esq.
                    26 Court Street, Suite 2412
                    Brooklyn, NY 11242

For Defendant:     No appearances.

SEYBERT, District Judge:

       On April 15, 2011, the United States of America ("Plaintiff" or the "Government") sued Defendant Kenneth R. Jordan ("Jordan" or the "Defendant") to collect on a student loan agreement on which the Defendant is now in default.

       The Defendant neither responded to the Complaint nor requested additional time to respond. Plaintiff moved for a default judgment pursuant to Federal Rule of Civil Procedure 55(b). (Docket Entry 4). The Clerk of the Court thereafter noted the Defendant's default. (Docket Entry 5.)

## DISCUSSION

       For the following reasons, the Government's motion is GRANTED.

I. Default

A default constitutes an admission of all well-pled factual allegations in the complaint, and the allegations as they pertain to liability are deemed true. Joe Hand Promotions, Inc. v. El Norteno Rest. Corp., 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). A default judgment entered on the well-pled allegations in the complaint establishes a defendant's liability. See Garden City Boxing Club, Inc. v. Morales, 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995)). The only question remaining, then, is whether Plaintiff has provided adequate support for the relief it seeks. Greyhound Exhibitgroup, Inc., 973 F.2d at 158.

The determination of a motion for default judgment is left to the sound discretion of the district court. See Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999). In determining whether to grant a default judgment, the court may consider "numerous factors, including 'whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt.'" O'Callahan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R.

Miller & Mary Kay Kane, Federal Practice and Procedure § 2685 (3d ed. 1998)). As the Second Circuit has observed, the Court is guided by the same factors that apply to a motion to set aside entry of a default. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 170-171 (2d Cir. 2001). These factors are (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (citation omitted); see also Basile v. Wiggs, 08-CV-7549, 2009 WL 1561769, at *4 (S.D.N.Y. May 29, 2009) (listing factors for court's consideration including defaulting party's bad faith, "possibility of prejudice to the plaintiff, the merits of the plaintiff['s] substantive claim, the sufficiency of the complaint, the sum at stake, [and] whether the default was due to excusable neglect") (second alteration in the original) (quoting Feely v. Whitman Corp., 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999)).

As to the first factor, the failure of the Defendant to respond to the Complaint sufficiently demonstrates wilfulness. See, e.g., Indymac Bank v. Nat'l Settlement Agency,

Inc., 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007). Plaintiff has submitted an affidavit of service demonstrating that Defendant was properly served on May 2, 2011 with a Summons and a copy of the Complaint. (Docket Entry 3). As noted above, the Defendant never answered or responded in any way to the Complaint; nor did he request an extension of time to respond to the Complaint. The court file therefore establishes that Defendant has willfully failed to respond to the Complaint.

Next, the Court must consider whether the Defendant has a meritorious defense. The Court is unable to determine whether there is a meritorious defense to Plaintiff's allegations because the Defendant has presented no such defense to the Court. Where no defense has been presented and, "[w]here, as here, 'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)). The Complaint, the allegations of which are deemed admitted by Defendant in light of his default, describes the facts underlying Plaintiff's case.

The final factor the Court must consider is whether the non-defaulting party would be prejudiced if the motion for default were to be denied. Denying this motion would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this Court." Bridge Oil Ltd. v. Emerald Reefer Lines, LLC, 06-CV-14226, 2008 WL 5560868, at * 2 (S.D.N.Y. Oct. 27, 2008). As all three factors have been met, a default judgment is warranted.

II. Damages Calculation

The Complaint contains a demand for a current principal amount of $1,300.00 and for a current interest balance of $1,278.03, with prejudgment interest accruing at a rate of 5.00% per annum ($0.18 per diem after April 15, 2011). (Compl. at 2.)[1] The Government's affirmation in support of its default judgment motion also requests legal costs, which are the $350

---

[1] The Certificate of Indebtedness states that, as of March 17, 2011, Jordan owed $1,273.58 and that interest was accruing at $0.18 per day (5% on $1,300 in outstanding principal). (Docket Entry 1 at 4.) The Complaint, which was filed on April 15, 2011, asserts that Jordan's then-current interest balance was $1,278.03. (Id. at 2.) The Court's calculations actually yield a slightly higher interest balance. The Court will use the lower amount alleged in the Complaint as the basis for its judgment.

Similarly, the Government's affirmation in support of its default judgment lists $1,288.36 as Jordan's interest balance, which was apparently current as of June 8, 2011. (Docket Entry 4-5). Because this Memorandum & Order directs the Clerk of the Court to calculate interest at $0.18 per day from April 15, 2011, the date of filing, there is no need to consider the interest amount set forth in the Government's affirmation.

5

filing fee and a $50 fee for service of process.  (Docket Entry 4-2 at 6).  Calculation of damages in this case, therefore, simply involves adding these amounts to reach a total of $2,978.03 and then adding eighteen cents per day from April 15, 2011 through the date of judgment.

## CONCLUSION

The Government's motion for a default judgment is GRANTED.  The Clerk of the Court is respectfully directed to enter judgment against the Defendant in the amount of $2,978.03 plus eighteen cents per day from April 15, 2011 through the date of judgment.  The Government is also entitled to post-judgment interest in accordance with 28 U.S.C. § 1961.

The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    March   28  , 2012
          Central Islip, New York